IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01616-RPM

LORINDA MERCADO,

                Plaintiff,

v.

EYE CARE CENTER OF NORTHERN COLORADO, P.C., a Colorado Professional
Corporation, and
RESOURCE ONE, a Limited Liability Company, dba TERRA FIRMA, P.E.O.,

                Defendants.

_____

ORDER ON DEFENDANTS' MOTION TO DISMISS
_____

On January 16, 2009, the defendants filed a motion to dismiss under

Fed.R.Civ.P. 4(m), 12(b)(2), 12(b)(5), 12(b)(6), and 41(b).  The motion asserts that this

civil action is time-barred because the plaintiff failed to comply with the statutory

requirement that an action under Title VII of the Civil Rights Act of 1964, *as amended*,

must be filed within 90 days after receipt of a Notice of Rights letter from the EEOC.

The complaint in this case was filed on July 30, 2008, and the letter was received on

May 1, 2008.  The complaint was therefore timely.  The plaintiff failed to serve the

defendants within the 120-day limit in Rule 4(m), which expired on November 28, 2008.

This Court on December 4, 2008, required the plaintiff to show cause why the action

should not be dismissed for failure to prosecute.  In the response, filed December 20,

2008, the plaintiff's counsel explained his absence due to matters following the death of

his mother and requested the Court to permit service out of time, noting that dismissal

would preclude refiling because of the 90 days limitation.  This Court on December 22,

2008, discharged the order to show cause and granted the request for extension of time for service to and including January 12, 2009.

In the motion to dismiss, the defendants argue that this order granting an extension of time should not be given the effect of tolling the 90-day time limit and also ask reconsideration of the December 22, 2008, order as not being based on sufficient cause. The defendant Resource One, acknowledged service on December 31, 2008. Defendant Eye Care Center of Northern Colorado, P.C., alleged a failure of service, saying that the process was served on a receptionist working for a different corporation.

The plaintiff filed her response to the motion to dismiss on February 23, 2009. In that response, counsel denies the allegation that the settlement of another civil action was not conditional upon dismissal of this case, as defendants alleged in their allegations of prejudice. The response also does not dispute the failure to make correct service on Eye Care Center but simply recites counsel's understanding that when the process server arrived at the Eye Care Center he was told to leave the summons and complaint with the person served. Notably, there has been no return of service filed as required by Rule 4(l)(1). The plaintiff therefore has failed to prove proper service on the defendant Eye Care Center of Northern Colorado, P.C., and has therefore not obtained personal jurisdiction on that defendant within the time permitted.

Upon the finding and conclusion that this Court's December 22, 2008, order constituted a valid extension of time and tolled the 90-day limitation under the statute as to the defendant Resource One, it is now

ORDERED that this civil action is dismissed as to defendant Eye Care Center of Northern Colorado, P.C., and the motion to dismiss of Resource One is denied.

DATED:   February 24th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge